{¶ 21} I respectfully concur in part and dissent in part. I concur with the majority in its resolution of the second and third assignments of error but dissent from the decision on assignment of error one to affirm the trial court's finding that defendant is a sexual predator. A finding that the offender is a sexual predator must be supported by clear and convincing evidence. State v. Cook (1998), 83 Ohio St.3d 404, 408. The record in the case at bar did not show by clear and convincing evidence that defendant was likely to commit another sexually oriented offense.
 {¶ 22} Defendant's sole sexual offense is the one which is the subject of the case at bar. It is undisputed that the victim willingly went to his home, wrestled on the floor with boys, and consumed alcohol.
 {¶ 23} According to defendant, it was while the group was wrestling on the floor that the victim received her bruises and injuries, whereas the victim alleged that her bruises occurred when defendant held her down and raped her. However, the victim was not an entirely credible witness: the summary in the packet from the Department of Rehabilitation and Corrections states that she told the police defendant ejaculated inside her. Nothing in the record before this court, however, contains that statement from the victim, nor does the actual police report include this claim. Moreover, the medical records from her examination that same night indicated there was no sperm present and no sign of recent rape. The victim's version of the events, therefore, is not entirely credible. Moreover, despite her claim that she rebuffed defendant, the victim continued to remain at defendant's home after he began making sexual advances. Defendant did not lure her to his house. He did not drag her off the street into an alley to rape her. The details of defendant's crime do not demonstrate clear and convincing use of force.[1]
 {¶ 24} The majority also points to the trial court's reliance on the findings of the psychologist who examined defendant for the sexual predator exam. Dr. George Schmedlen found that defendant had a prior criminal history. The defendant's prior criminal history, however, was not of a sexual nature. Nor does his subsequent criminal history support a finding that he is a sexual predator. Although there is no doubt that defendant committed a serious crime when he assaulted and robbed the woman on the street while he was violating his probation, this crime is not shown by any, much less clear and convincing, evidence to be a sex offense.
 {¶ 25} The court also appeared to rely on additional findings by Dr. Schmedlen: that the victim was a stranger, that defendant had a prior criminal history, and that defendant had lied to the evaluating psychologist about his childhood history when defendant failed to tell the examiner that he had been a ward of the state and lived at Parmadale.
 {¶ 26} As to the first factor — that the victim was a stranger — neither the court nor the expert explains why a lack of relationship is a risk factor. The circumstances, moreover, substantially limit using the lack of a prior relationship as a factor. Although it is true that defendant had just met the victim, she had willingly made defendant's acquaintance and had accompanied him to his home, albeit in the company of others. So even though she technically was a stranger, her response to him was not that of a stranger.
 {¶ 27} The second factor noted by the psychiatrist, defendant's prior criminal history, also does not weigh heavily in favor of a finding that he is a sexual predator: none of his prior offenses was sexual in nature. Rather, they consisted of petty theft, contempt of court, obstructing justice, damage to property, and criminal mischief. None of these minor offenses indicates a propensity to be a sexual predator.
 {¶ 28} The third factor the psychologist relied on was defendant's omitting problems he had experienced with his mother during childhood. Although defendant told the examining psychologist that his relationship with his mother was "excellent," the court found his relationship with his mother to be "intractable" when he was placed in county custody as an adolescent. The record also reflects that defendant's mother beat him severely, an event that once caused him to be hospitalized after she beat him with a towel bar. The record does not indicate his age at the time of this incident. Defendant's lack of forthrightness with the examiner is not sufficient, however, to provide clear and convincing evidence that he will reoffend as a sexual predator. Nothing in the psychologist's testimony explains how a lack of forthrightness is a basis for making such a prediction.
 {¶ 29} Additionally, the majority points to defendant's STATIC9-9 score of five, which predicts that forty out of one hundred convicted sex offenders with that score will reoffend in the next fifteen years. This score is considered the medium-high category. Standing alone, however, this score is not enough to support the finding that defendant is a sexual predator. This court previously noted:
The utility of the STATIC-99 evaluation as a diagnostic tool for individual risk assessment is open to question. The evaluation merely performs an actuarial assessment of an offender's chances of reoffending. * * * While actuarial risk assessments are said to outperform clinical risk assessments, actuarial assessments do not, and cannot, purport to make a prediction of a particular offender's future conduct. In fact, the use of an actuarial assessment could arguably be at odds with Ohio's statutory scheme. R.C. 2950.01(E) and R.C. 2950.09(B) require a determination that the offender is likely to engage in the future in one or more sexually oriented offenses. This is an individualized determination for a particular offender. The STATIC-99 cannot purport to make an individualized assessment of future conduct any more than a life expectancy table can provide a accurate prediction of a particular individual's longevity.
 {¶ 30} State v. Ellison, Cuyahoga App. No. 78256, 2002-Ohio-4024 ¶ 29, internal citation omitted. Nor does the evidence sufficiently provide a credible, clinical basis for such a provision.
 {¶ 31} On the other hand, there is significant evidence the majority does not address that shows defendant is less likely to commit another sexually oriented offense. The trial court acknowledged that defendant did not have any prior sex offenses, that the victim was female, that defendant had been in a stable relationship for over two years (although he was in jail for most of that time), that he does not have a chemical dependency or substance abuse problem, that he is now thirty-seven years old and the crime occurred eighteen years ago, and that he did not have a negative relationship with his mother.
 {¶ 32} Further, his ability to have sustained relationships with women is another significant factor. Prior to his incarceration for the robbery, defendant had been in a long-term relationship with his high school sweetheart and has two teenage sons with her. He is currently in a two-year relationship with another woman.
 {¶ 33} There is no evidence other than the STATIC 99 tests, therefore, to suggest recidivism specifically of a sexual predatory nature. This limited evidence did not provide clear and convincing evidence upon which to conclude defendant was a sexual predator. Accordingly, I would reverse the trial court's finding that defendant is a sexual predator. I therefore respectfully dissent on the first assignment of error.
[1] The majority points to defendant's lack of remorse or admission of responsibility for the rape. Defendant stated, however, that the victim had been a willing partner in the sex until she was discovered by her friends. A showing of remorse would have been false, therefore, if defendant believed that the victim had changed her mind about participating in sex only when she was surprised by friends who questioned her behavior.